IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JERRI DAWN BRADFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-218-ALM-KPJ |
| | § | |
| **HYOSUNG AMERICA,** | § | |
| | § | |
| Defendant. | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Suggestion of Death as to Plaintiff Jerri Dawn Bradford (the "Suggestion of Death") (Dkt. 12). For the reasons that follow, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** under Rule 25(a) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

On March 18, 2022, Plaintiff Jerri Dawn Bradford ("Plaintiff") filed the complaint (the "Complaint") (Dkt. 1) asserting Defendant Nautilus Hyosung America, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA") and discriminated on the basis of race, sex, age, and appearance. *See id.* at 4. Plaintiff requests damages of $100,000,000, the release of Plaintiff's employment records, and the "[r]elease of rights to information associated to [Plaintiff's] employment to be included in a book I am writing about [the] thef[t] of money . . . ." *Id.* at 5. On March 18, 2022, Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. 2). *See id.* On March 30, 2022, Plaintiff filed a Motion to Appoint Counsel (Dkt. 5) and Motion to Receive Electronic Notification (Dkt. 6). *See* Dkts. 5, 6. On June 17, 2022, the Court granted the Motion

to Receive Electronic Notification (Dkt. 6) and Motion for Leave to Proceed In Forma Pauperis (Dkt. 2). *See* Dkts. 7, 9. The Court denied without prejudice the Motion to Appoint Counsel (Dkt. 5). *See* Dkt. 8.

On September 7, 2022, Defendant filed the Motion to Dismiss Plaintiff's Original Complaint (the "Motion to Dismiss") (Dkt. 11), wherein Defendant asserts Plaintiff has failed to state a claim as her allegations are "devoid of any factual support" and "Plaintiff failed to exhaust administrative remedies regarding these claims." *See id.* at 3. Defendant also filed the Suggestion of Death (Dkt. 12) on September 7, 2022. *See id.* According to Defendant, Plaintiff died during the pendency of this action. *See id.* Defendant attached a Certification of Death as to Plaintiff. *See* Dkt. 12-1. Given this Certification of Death, Plaintiff appears to have died in July 2022.[1] *See id.*; *see also Perez v. Steele*, No. 5:17-cv-113, 2018 WL 10323027, at *3 n.1 (N.D. Tex. Jan. 31, 2018) (citing FED. R. EVID. 201(c)(1)) (collecting cases regarding judicial notice of a party's death).

On November 2, 2022, the Court ordered Defendant personally serve the Suggestion of Death (Dkt. 12) upon Plaintiff's successor or representative and file proof of service before the Court. *See id.* at 2. The Court further advised that if a motion for substitution is not made by Plaintiff's successor or representative within ninety days of the date of such service, the Court would recommend Plaintiff's case be dismissed. *See id.* (citing FED. R. CIV. P. 25(a)).

On November 28, 2022, Defendant filed an affidavit that personal service upon Marilyn Sue Love-Jackson had occurred on November 15, 2022. *See generally* Dkt. 15. Also on November 28, 2022, Defendant filed an affidavit that personal service upon Jeneka Renee Bradford had

---

[1] An obituary for Plaintiff available online also indicates Plaintiff died in July 2022. *See* Jerri Dawn Bradford, RELEFORD FUNERAL HOME, https://www.relerfordfuneralhome.com/obituary/Jerri-Bradford (last visited Feb. 9, 2023). The Court may take judicial notice of an online obituary after a suggestion of death has been filed. *Perez*, 2018 WL 10323027, at *3 n.1 (collecting cases); *see also Clyce v. Farley*, No. 3:15-cv-793, 2022 WL 625722, at *4 (N.D. Tex. Jan. 28, 2022), *R. & R. adopted*, 2022 WL 625092 (N.D. Tex. Mar. 3, 2022).

occurred on November 16, 2022. *See generally* Dkt. 16. On December 5, 2022, Defendant filed an affidavit that personal service upon Broddrick Bledsoe had occurred on November 23, 2022. *See* Dkt. 17. On December 14, 2022, Defendant filed "Defendant's Notice of Compliance" (the "Notice") (Dkt. 18), wherein Defendant represents that Marilyn Sue Love-Jackson, Jeneka Renee Bradford, and Broddrick Bledsoe are Plaintiff's successors and Defendant has identified no appointed representative for Plaintiff's estate other than those served as successors above. *See id.* at 1.

On January 19, 2023, the Court ordered Defendant file supplemental briefing as to the relationship of Marilyn Sue Love-Jackson, Jeneka Renee Bradford, and Broddrick Bledsoe as successor or representative to Plaintiff no later than February 3, 2023. *See* Dkt. 19. On February 3, 2023, Defendant filed "Defendant NHA's Supplemental Briefing RE Suggestion of Death" (the "Supplemental Briefing") (Dkt. 21). In the Supplemental Briefing (Dkt. 21), Defendant explains that Defendant identified Marilyn Jackson-Love as Plaintiff's mother from Plaintiff's obituary. *See id.* at 1. Defendant also explains the obituary identified Janeka Renee Bradford as Plaintiff's sister and Broddrick Bledsoe as Plaintiff's brother. *See id.* Defendant further asserts the following:

> With the information contained in the obituary, Defendant then used publicly-available information to cross-reference the above names and locations that the obituary identified. That process yielded the full names and addresses that Defendant then used to serve the identified successors with the Notice of Suggestion of Death. Further, there was no indication in the obituary or in publicly-available sources that Plaintiff was married or had any children.
>
> Additionally, publicly available records from the Circuit Court of Arkansas County, Arkansas Probate Division (where DeWitt is located), indicated that Plaintiff, acting in her capacity as personal representative of her late father's estate, appointed Janeka Bradford as "agent in behalf of the undersigned, to accept service of process and notice in all actions and proceedings with respect to the [Father's] estate." Although that is for her father's estate, and no similar proceedings were found for Plaintiff, Defendant served Janeka Bradford additionally as a representative in addition to her position as a potential successor.

Dkt. 21 at 2.

## II. LEGAL STANDARD

"Rule 25 states that when a party dies and the claim is not extinguished, a statement noting death must be served on parties in accordance with Rule 5 and on non-parties in accordance with Rule 4." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (citing FED. R. CIV. P. 25(a)) (emphasis omitted). Following the service of the suggestion of death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed. *See* FED. R. CIV. P. 25(a)(1).

The Fifth Circuit has held a suggestion of death must be personally served on a deceased plaintiff's successor or representative, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased plaintiff's action. *See Sampson*, 780 F.3d at 683. "Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25 . . . even where it is difficult to determine who the personal representative is." *Id.* at 681 (citations omitted). This is because "'[p]ersonal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.'" *Lewis v. Flowers*, No. 1:15cv116, 2016 WL 7265046, at *2 (S.D. Miss. Dec. 15, 2016) (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)).

## III. ANALYSIS

Defendant's personal service of the Suggestion of the Death (Dkt. 12) upon Marilyn Sue Love-Jackson, Jeneka Renee Bradford, and Broddrick Bledsoe, *see* Dkts. 15, 16, 17, satisfies Rule 25(a) of the Federal Rules of Civil Procedure. *See Sampson*, 780 F.3d at 683. Furthermore, more than ninety days have passed since Defendant's personal service of the Suggestion of Death (Dkt. 12) and no substitution has been made. *See Tomasella v. Div. of Child Support*, No. 3:20-cv-0476, 2022 WL 2959586, at *2 (N.D. Tex. July 12, 2022), *R. & R. adopted*, 2022 WL 2953016 (N.D.

Tex. July 26, 2022), *aff'd sub nom. Tomasella ex rel. Est. of Tomasella v. Kaufman Cnty. Child Support*, No. 22-10760, 2022 WL 17752124 (5th Cir. 2022) (collecting cases). Accordingly, Plaintiff's claims must be dismissed.

The only remaining question is whether dismissal under Rule 25(a) is with or without prejudice, as Rule 25(a)(1) is silent regarding whether dismissal is with or without prejudice. *See* FED. R. CIV. P. 25(a) ("[W]ithin 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."). The Fifth Circuit does not appear to have spoken on whether Rule 25(a) mandates dismissal without prejudice but has affirmed a decision in which the district court dismissed the plaintiff's claims without prejudice pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. *See Broderick-Home v. United States*, 544 F. App'x 479, 480 (5th Cir. 2013) (per curiam) ("Following [the plaintiff's] death, the district court had dismissed [the plaintiff's] case without prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1), as no party or successor or representative of [the plaintiff's] estate filed a motion to substitute within 90 days of her death."); *Rowland v. GGNSC Ripley, LLC*, No. 313CV00011, 2016 WL 4136486, at *5 (N.D. Miss. Aug. 3, 2016) ("Other courts which have considered the text and the history of Rule 25(a) have held that 'the court is no longer required to dismiss with prejudice under Rule 25(a).'" (quoting *Sydow v. Weyerhaeuser Co.*, No. 14-CV-219, 2015 WL 6962698, at *1 (W.D. Wis. Nov. 10, 2015))). In *Zanowick v. Baxter Healthcare Corp.*, the Ninth Circuit held Rule 25(a) does not mandate dismissal with prejudice but rather provides district courts discretion to dismiss the case with or without prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1095 (9th Cir. 2017) (citing *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397, 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008); *Gutierrez v. Gunderson*, No. 04-2627, 2008 WL 170009, at *2 (D. Minn. Jan. 16, 2008)); *see also Zanowick*, 850 F.3d at 1095 ("Indeed, defendants—each

5

having filed its own set of briefs—cannot cite a single court, a treatise, or even a fortune cookie message that supports the 'Game Over, Man!' reading of Rule 25 that they urge us to adopt."). Accordingly, the Court finds the proper exercise of its discretion is to recommend dismissal without prejudice.

## IV. RECOMMENDATION

For the reasons that follow, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** under Rule 25(a) of the Federal Rules of Civil Procedure.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

## V. ORDER

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail return receipt requested and to Plaintiff's email address, DawnofHopeLLC@gmail.com.

**So ORDERED and SIGNED this 22nd day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE